# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

O.H., minor, by his next friend Caridad
Ortega, his mother,

    **Plaintiff,**

-vs-              Case No. 6:07-cv-1545-Orl-22DAB

**VOLUSIA COUNTY SCHOOL BOARD**
**and BIYING HU,**

    **Defendants.**

_____

## ORDER

  This cause comes before the Court on Defendant Bi Ying Hu's Motion to Dismiss, and in the Alternative, for Summary Judgment (Doc. No. 13), Defendant Hu's Supporting Affidavit (Doc. No. 15), Plaintiff's Opposition to the Motion (Doc. No. 21), and Defendant Hu's Reply (Doc. No. 32). Upon review of the parties' submissions and applicable case law, the Court dismisses Plaintiff's Complaint with leave to amend.

### Introduction

  Plaintiff O.H. is a minor and is represented here by Caridad Ortega, his next friend and mother. Doc. No. 1 at p. 1. Plaintiff is autistic and has been enrolled as a special education student at Deltona Middle School since 2005. *Id*. at ¶¶ 4, 11, 16. Defendant Hu was Plaintiff's Exceptional Student Education teacher at Deltona Middle School. *Id*. at ¶ 9. Plaintiff alleges that Defendant Hu repeatedly restrained him in another student's wheelchair and locked him inside a darkened bathroom as punishment, which on at least once occasion led him to repeatedly hit the wheelchair against the bathroom door until he was crying and the wheelchair

toppled over with Plaintiff still restrained. *Id.* at ¶ 15. Plaintiff also claims to have witnessed "physical and mental abuse" of other students by Defendant Hu. *Id.* Plaintiff brought suit against Hu for a violation of 42 U.S.C. § 1983 and for state law torts.[1] *Id.* at pp. 5, 7-9. Plaintiff also sued the Volusia County School Board for a violation of 42 U.S.C. § 1983 as well as for negligent supervision and negligent hiring under state law. *Id.* at pp. 6, 13-11.

A heightened pleading standard applies where plaintiff asserts liability on the part of a government official in his or her individual capacity. *GJR Invs. v. County of Esambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). Because Plaintiff has failed to allege facts sufficient to meet this higher pleading standard, the Court dismisses Plaintiff's Complaint with leave to amend.

**Analysis**

**I. Legal Standard for a Motion to Dismiss**

In a complaint, the plaintiff must present a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the allegations in the complaint are to be accepted as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). The plaintiff must provide the grounds of entitlement to relief; mere labels, conclusions, or a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

---

[1] The Court dismissed Plaintiff's state law claims on January 10, 2008. Doc. No. 31. Thus, only Plaintiff's claims under 42 U.S.C. § 1983 remain.

## II. A Higher Pleading Standard Applies to Suits Against Officials in an Individual Capacity

In the case of suits under 42 U.S.C. § 1983, a higher pleading standard applies to officers sued in their individual capacities. *GJR Invs.*, 132 F.3d at 1367. The Supreme Court has recognized this higher pleading standard, rejecting it in the case of municipalities and officers in their official capacities but leaving in place the standard as it applies to officials sued in their individual capacities. *See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 167 (1993).

Here, Plaintiff alleges that Plaintiff was "*inter alia*, repeatedly . . . restrained in another student's wheelchair and locked inside a darkened bathroom as punishment which, on at least one occasion, led to Plaintiff repeatedly hitting the wheelchair against the bathroom door . . . until such time as he was crying and the wheelchair toppled over with Plaintiff still restrained thereon." Doc. No. 1 at ¶ 15. Plaintiff also alleges that Plaintiff had to "*inter alia*, witness[ ] the physical and mental abuse of his classmates in Hu's classroom." *Id.* Despite Plaintiff's use of the phrase "*inter alia*," these two claims are the sole factual allegations stated in the Complaint. Without more, these statements fail to meet the heightened pleading standard of showing that Defendant Hu would not be entitled to qualified immunity. Thus, Plaintiff's Complaint is dismissed with leave to amend.

## III. Plaintiff Has Not Presented Facts Indicating that a Constitutional Violation Occurred that Violated a Clearly Established Right

Qualified immunity ensures that government officials are on notice that their conduct is unlawful before they are subject to suit. *Saucier v. Katz*, 533 U.S. 194, 206 (2001). Government officials cannot claim qualified immunity if their actions violated clearly

established statutory or constitutional rights of which a reasonable person would have known. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an individual is entitled to qualified immunity, the Court must decide whether there has been a violation of a constitutional right, and then whether that right was clearly established at the time of the violation. *Katz*, 533 U.S. at 201.

On the facts provided by Plaintiff, it is difficult to determine whether a constitutional violation occurred. Plaintiff states only that "*inter alia*," Plaintiff was "repeatedly" "restrained in another student's wheelchair and locked inside a darkened bathroom." Doc. No. 1 at ¶ 15. Plaintiff does not allege how many times this occurred, the duration of confinement, nor how Plaintiff was restrained. Not all torts evidence constitutional violations; only behavior that shocks the conscience states a constitutional violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998). "Acts that fall between the poles of negligence and malign intent require courts to make closer calls, in which the determination of what shocks the conscience is context-specific." *Nix v. Franklin County Sch. Dist.*, 311 F.3d 1373, 1376 (11th Cir. 2002) (citations omitted).[2] Plaintiff's given facts fail to allege a constitutional violation and that the right violated was clearly established at the time.[3] Because Plaintiff has not met the heightened

---

[2]*Compare Kyle K. v. Chapman*, 208 F.3d 940, 943 (11th Cir. 2000) (more extreme facts were "sufficient to allege violation of a clearly established constitutional right" where autistic child in state hospital alleged that Defendants locked him in closets, pushed and hit him, forced him to take cold showers, deprived him of food, grabbed his genitals, and verbally abused him.)

[3]Without a constitutional violation, Plaintiff has no cause of action against the other Defendant, Volusia County School Board. Thus, the Complaint is dismissed with respect to both Defendants.

pleading standard of showing that qualified immunity does not apply, the Complaint is dismissed.

## Conclusion

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff shall file an Amended Complaint by February 20, 2008.

2. Defendant Hu's Motion to Dismiss or in the Alternative for Summary Judgment, filed November 13, 2007 (Doc. No. 13), is DENIED as moot.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 6, 2008.

Copies Furnished To:

Counsel of Record

_____
ANNE C. CONWAY
United States District Judge