UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

O.H., minor, by his next
best friend, CARIDAD ORTEGA,
his mother,

    Plaintiff,

v.                              CASE NO. 6:07-CV-1545-ORL-22-DAB

VOLUSIA COUNTY SCHOOL
BOARD and BI YING HU,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, O.H. ("Plaintiff"), by his next best friend and mother, Caridad Ortega ("Ortega"), hereby sue Defendants, Volusia County School Board (the "School Board") and Bi Ying hu ("Hu"), and states:

### Jurisdiction and Venue

1.    This Court has original subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §1331 in that the claims herein arise under the Constitution, laws or treaties of the United States.

2.    Venue in this District is appropriate pursuant to 28 U.S.C. §1391(b).

### Parties

3.    Plaintiff, a minor, is, and all times material to this Amended Complaint was, a resident of Volusia County, Florida.

4.    Plaintiff was, at all times material to this Amended Complaint, enrolled as a special education student at Deltona Middle School (the "School").

1

5. Ortega, next friend of Plaintiff, is and, at all times material to this Amended Complaint, was the mother and legal guardian of Plaintiff, a minor child.

6. Defendant, the School Board, is and, all times material to this Amended Complaint, was responsible for the training of teachers as to discipline, safety, and supervision of students within its jurisdiction, and was responsible for the course of study, discipline and safety of students at the School.

7. The School is and, at all times material to this Amended Complaint, was a public middle school in Volusia County, Florida, and within the domain and jurisdiction of the School Board, with its campus located at 250 Enterprise Road, Deltona, Florida.

8. Defendant, Hu, is an individual, sui juris, who, upon information and belief, is and, at all times material to this Complaint, was a resident of Orange County, Florida.

9. Hu was, at all times material to this Amended Complaint, Plaintiff's ESE Teacher at the School, acting under color of state law and within the scope of her employment, and empowered by the State of Florida to supervise and assist students at the School. Hu is sued in her individual capacity.

**General Allegations**

10. This is an action brought by a parent on behalf of her minor autistic child for excessive, physical and mental abuse and maltreatment which he endured and witnessed while enrolled as a special education student at the School.

11. Plaintiff was, at all times material to this Amended Complaint, enrolled as a special education student at the School. Because Plaintiff is autistic, he attended the School

as a special education student. Moreover, Plaintiff has significant verbal disabilities and is unable to communicate effectively via speaking.

12. Hu was the ESE teacher for Plaintiff's class at the School.

13. Hu and the School Board were responsible to provide Plaintiff an education as a special education student free of physical, psychological or emotional abuse in the classroom. Defendants were specifically prohibited from using any excess or improper physical restraints or force toward Plaintiff to address his autistic behaviors.

14. A special custodial relationship existed at all pertinent times between Defendants and Plaintiff with corresponding duties to provide him with adequate protection, education and supervision while a special education student at the School. This special custodial relationship existed by virtue of Plaintiff being a special education student. Defendants were under an affirmative duty to ensure that Plaintiff would receive adequate protection, education and supervision while a student at the School. Defendants were prohibited from using any physical restraints, force or abuse as a means of discipline.

15. Unbeknownst to his mother, O.H. was repeated maltreated and abused, both physically and mentally, by Hu at the School.

16. Upon information and belief, the physical abuse consisted of, inter alia, Hu's implementation and use of improper physical restraints, force and corporal punishment, as well as psychological and emotional intimidation and manipulation which was tantamount to torture for an autistic child like Plaintiff. This aggressive and improper conduct was used by Hu in an effort to punish "off task" behaviors - common to autistic children - in lieu of proper behavior modification techniques, such as redirection and positive reinforcement.

Hu's abusive conduct was used in an effort to instill and use fear as a deterrent for Plaintiff's common autistic behaviors. Such abuse, however, had quite the opposite effect which should have been anticipated by Hu as a teacher for autistic children.

17. Specifically, upon information and belief, Hu regularly restrained Plaintiff in another student's wheelchair inside a darkened bathroom as punishment for up to ten minutes at a time. Hu placed belts and/or straps around Plaintiff's chest and legs in order to restrain him in the wheelchair. She would push the wheelchair and Plaintiff into the bathroom, close the door, and block the door with a table. A classroom aide reported Hu's use of such improper punishment techniques on at least four occasions. During this confinement, Plaintiff would cry incessantly, exhibiting fear and terror at the hands of Hu. On at least one occasion, which, upon information and belief, lasted for at least ten minutes, Plaintiff hit the wheelchair against the bathroom door in an effort to free himself until such time as the wheelchair toppled over while Plaintiff was still restrained causing him pain and suffering.

18. Moreover, Hu regularly "pinned" Plaintiff against the wall of the classroom in his desk. Hu would push the desk against the wall to prohibit Plaintiff from moving. Upon information and belief, this forced confinement was yet another of Hu's intimidation tactics designed to punish Plaintiff's expression of common autistic behaviors.

19. Upon information and belief, Plaintiff also suffered mental abuse by witnessing the physical and mental abuse of other autistic classmates. The abuse witnessed by Plaintiff made him fearful and adversive to the classroom environment and has caused permanent psychological injuries.

20. For example, Hu would regularly push a wheel-chair bound autistic student into a "closet" and close the door behind him as a form of punishment. . This abusive conduct occurred in Plaintiff's presence on multiple occasions. On one such occasion, Hu's confinement of the wheelchair-bound student in the closet was witnessed by Plaintiff's parents while attending an IEP meeting with Hu, classroom aides, and a School's ESE Coordinator. The ESE Coordinator witnessed Hu's abusive conduct and and did not take stop her or take appropriate remedial action, further evidencing the School Board's approval of such abusive confinement techniques against autistic children.

21. In addition to the physical injury described above, Plaintiff suffered psychological injury as a direct and proximate result of witnessing Hu's repeated maltreatment of the other students in Plaintiff's ESE class.

22. Such physical and psychological injuries constitute arbitrary and unlawful intrusions on Plaintiff's personal security, including both his physical and emotional well-being.

23. As previously alleged, Plaintiff is a non-communicative autistic child. As such, Plaintiff cannot effectively communicate more specific allegations regarding those instances of abuse which he endured. Such specific instances must be obtained through discovery from third party witnesses. Moreover, upon information and belief, there were instances during each school week wherein Hu would be alone with her autistic children in the ESE classroom, including Plaintiff.

24. On at least one occasion Plaintiff spoke and referenced Hu's abusive conduct. During a class outing to Burger King, Plaintiff's parents were advised that Plaintiff uttered

the words "leave us alone" speaking to Hu. Plaintiff, who is essentially non-verbal, was expressing his fear and opposition of Hu's abusive conduct.

25. These incidents of abuse were witnessed by other employees of the School, including the teacher's aides who were assigned to Hu's class, and were reported to the School's supervisors, including its principal.

26. Upon information and belief, Hu's pattern, practice and history of abusing special educational students was known by the School Board.

27. Because of the physical and mental abuse he has suffered, and witnessing the physical and mental abuse suffered by his classmates, Plaintiff's mental and physical condition has deteriorated severely. In fact, as a result of Hu's abuse, Plaintiff has been adversely affected. Plaintiff has suffered from frequent vomiting, crying while alone - new behavioral setbacks - as well as increased tantrums and aggressive behavior.

28. Moreover, as a result of the abuse and maltreatment he endured and witnessed at the hands of Hu, Plaintiff's educational, behavioral, physical and social development has been impaired and negatively impacted.

29. Moreover, Plaintiff exhibits behaviors that are consistent with that of autistic children who have endured abuse and maltreatment.

30. On March 9, 2005, Hu was arrested by the Volusia County Sheriff's Office and accused of abusing Plaintiff.

31. Upon information and belief, the School Board had either actual or constructive knowledge of Hu's actions as alleged herein.

32. All conditions precedent to the institution of this action have either occurred, been satisfied or have been waived.

33. As a result of Defendants conduct as alleged herein, Plaintiff has retained the undersigned law firm and has agreed to pay its reasonable attorneys' fees and costs.

### Count I - Section 1983 (Against Hu)

34. Plaintiff re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 26, above, as though fully stated herein.

35. Hu, by her actions and inactions, was deliberately indifferent to Plaintiff's physical well-being and his Constitutionally-protected liberty interests.

36. Hu had an affirmative duty to provide Plaintiff a reasonably safe place to attend school, and, as alleged above, she maliciously and intentionally failed to do so. By her actions, Hu deprived Plaintiff of his Constitutionally-protected Fourteenth Amendment due process liberty interests.

37. Additionally, Hu's actions and inactions, as alleged above, were shocking to the conscience, arbitrary and egregious, for the purpose of causing physical harm, pain or suffering and/or emotional or psychological trauma to Plaintiff in violation of and deliberate indifference to his Constitutionally-protected Fourteenth Amendment due process liberty interests.

38. Hu deprived Plaintiff of his Fourteenth Amendment due process liberty interests acting under color of state law.

39. As a direct, proximate and foreseeable result of Hu's actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff, O.H., a minor child, by his next friend and mother, Caridad Ortega, respectfully requests that this Court:

A.  Enter an Order declaring that Hu's actions were violative of Plaintiff's Constitutional rights;

B.  Enter a permanent injunction restraining Hu from such further violations of Constitutionally-guaranteed rights;

C.  Enter judgment against Hu for compensatory as well as punitive damages;

D.  Award Plaintiff's attorneys' fees and costs pursuant to 28 U.S.C. §1988(b); and

E.  Award such other and further relief as this Court deems just and proper.

**Count II - Section 1983 (Against the School Board)**

40. Plaintiff re-alleges and re-incorporates each of the allegations contained in paragraphs 1 through 26, above, as though fully stated herein.

41. The School Board, by its actions and inactions was deliberately indifferent to providing appropriate training for teachers of autistic children such as Hu, and this deliberate indifference created a wrongful and injurious school disciplinary policy.

42. Further, the School Board permitted and tolerated a pattern and practice of unjustified, unreasonable and inappropriate use of physical restraint and force against autistic children.

43. This deliberate indifference and wrongful school disciplinary policy caused the Constitutional deprivations described above and as alleged in Count I against Hu.

44. Additionally, by its actions and inactions before, during and after the incidents of abuse alleged above, the School Board conspired to conceal the facts of this case in deprivation of Plaintiff's Constitutional rights.

45. The School Board deprived Plaintiff of his Fourteenth Amendment due process liberty interests acting under color of state law.

46. As a direct, proximate and foreseeable result of the School Board's actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff, O.H., a minor child, by his next friend and mother, Caridad Ortega, respectfully requests that this Court:

A. Enter an Order declaring that the School Board's actions were violative of Plaintiff's Constitutional rights;

B. Enter a permanent injunction restraining the School Board from such further violations of Constitutionally-guaranteed rights;

C. Enter judgment against the School Board for compensatory damages;

D. Award Plaintiff's attorneys' fees and costs pursuant to 28 U.S.C. §1988(b); and

E. Award such other and further relief as this Court deems just and proper.

Demand for Jury Trial

Plaintiffs demand a trial by jury for all issues so triable as of right.

WE HEREBY CERTIFY that on February 20, 2008, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Michael A. Kundid, Esq., Doran, Wolfe, Ansay & Kundid, Attorneys

for School Board, 444 Seabreeze Blvd., Suite 800, Daytona Beach, Florida 32118; and Usher L. Brown, Esq., Brown, Garganese, Weiss & D'Agresta, P.A., Attorneys for Hu, 225 E. Robinson, Suite 660, Orlando, Florida 32802.

                                            Respectfully submitted,

                                            s/Ricardo A. Reyes
                                            Florida Bar No. 864056
                                            TOBIN & REYES, P.A.
                                            The Plaza - Suite 204
                                            5355 Town Center Road
                                            Boca Raton, Florida 33486
                                            Phone: (561) 620-0656
                                            Fax:    (561) 620-0657
                                            rar@tobinreyes.com

S:\A C\Litigation\Ortega\amended complaint.wpd