**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**O.H., minor, by his next friend Caridad Ortega, his mother,**

      **Plaintiff,**

**-vs-**                **Case No. 6:07-cv-1545-Orl-22DAB**

**VOLUSIA COUNTY SCHOOL BOARD and BIYING HU,**

      **Defendants.**
_____

## ORDER

This cause comes before the Court on Defendant Biying Hu's Motion to Dismiss and in the Alternative for Summary Judgment (Doc. No. 40), and Plaintiff O.H.'s response to the Motion (Doc. No. 47). After carefully considering the parties' submissions and the relevant case law, the Court holds that Defendant Hu's Motion to Dismiss is DENIED. The Court also DENIES Defendant Hu's alternative Motion for Summary Judgment, because it is premature.

### Introduction

Plaintiff O.H. is a minor and is represented here by Caridad Ortega, his next friend and mother. Doc. No. 36 ¶ 5. Plaintiff is an autistic child who was enrolled as an exceptional student education ("ESE") student at Deltona Middle School. *Id*. at ¶¶ 4, 11. Defendant Hu was Plaintiff's ESE teacher at Deltona Middle School. *Id*. at ¶¶ 9, 12. Plaintiff alleges that Defendant "Hu regularly restrained [him] in another student's wheelchair inside a darkened bathroom as punishment for up to ten minutes at a time." *Id.* at ¶ 17. Plaintiff also alleges that Defendant "Hu placed belts and/or straps around Plaintiff's chest and legs in order to restrain him in the

wheelchair" and that she "would push the wheelchair and Plaintiff into the bathroom, close the door, and block the door with a table." *Id.* This is alleged to have occurred on at least four occasions, one of which caused Plaintiff to "hit the wheelchair against the bathroom door . . . until the wheelchair toppled over . . . ." *Id.* Plaintiff also alleges that Hu "would push [Plaintiff's] desk against the wall to prohibit Plaintiff from moving[,]" and that Plaintiff had to witness Defendant Hu abusing other students and confining a student to a closet. *Id.* at ¶¶ 18, 20, 21.

Plaintiff's original Complaint was filed on September 27, 2007. Doc. No. 1. The Court granted Defendant Hu's first Motion to Dismiss (Doc. No. 13), with leave to amend, for failing to meet the heightened pleading standard required for actions pursuant to 42 U.S.C. § 1983, and for failing to allege facts sufficient for the Court to determine whether qualified immunity applied. Doc. No. 33.

Plaintiff filed an Amended Complaint on February 20, 2008. Doc. No. 36. Plaintiff's Amended Complaint brings a claim against Defendant Hu for a violation of 42 U.S.C. § 1983 (Doc. No. 36 ¶¶ 35-39) and a claim against the Volusia County School Board for a violation of 42 U.S.C. § 1983 based on deliberate indifference (Doc. No. 36 ¶¶41-46). Defendant Hu moves to dismiss Plaintiff's claims,[1] based on Defendant Hu's arguments that the Amended Complaint fails to state a claim upon which relief can be granted and that Defendant Hu is entitled to qualified immunity. Doc. No. 40 pp. 2, 6. With respect to qualified immunity, Defendant Hu argues that no constitutional violation occurred (*id.* at p. 3), and that even if there was a constitutional violation, the law was not clearly established at the time (*id.* at p. 6).

---

[1] Alternatively, Defendant Hu moves for summary judgment. Doc. No. 40 p. 2.

## Analysis

**I. Motion to Dismiss Standard**

In a complaint, the plaintiff must present a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the factual allegations made by the complaining party are to be accepted as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). While merely speculative allegations will not suffice, a short and plain statement showing a plausible right to relief is all that is required to survive a motion to dismiss. *Twombly,* 127 S. Ct. at 1965-67.

However, the Eleventh Circuit applies a higher pleading standard to cases brought under 42 U.S.C. § 1983. *GJR Invs. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1998). "[W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [the] complaint," the Eleventh Circuit "requir[es] that a § 1983 plaintiff allege with some specificity the facts which make out [the] claim." *Id.* (citations omitted). The higher pleading standard assists the Court, because in qualified immunity cases, the Court must determine from the facts alleged whether a defendant violated a clearly established constitutional right. *Id.*

**II. Qualified Immunity Standard**

On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." *Wooten v. Campbell*, 49 F.3d 696, 699 (11th Cir. 1995). The purpose of the doctrine of qualified immunity is to protect government officials not only from liability and damages, but also from being subject to suit. *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). Thus, whether or not a defendant is entitled to qualified immunity should be

determined "at the earliest possible stage of the litigation." *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002) (citations omitted).  To determine whether a government official is entitled to qualified immunity, the Court must first determine whether a constitutional violation occurred. *Saucier v. Katz,* 533 U.S. 194, 207 (2001).  If there was a constitutional violation, the Court must then decide whether the defendant violated law that was clearly established at the time. *Saucier*, 533 U.S. at 201.

**III. Substantive Due Process and Corporal Punishment**

At the outset, the Court must determine whether Defendant Hu violated Plaintiff's substantive due process rights. *Id.* at 207.  Government officials acting under the color of state law violate substantive due process when their conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (citations omitted); *Peterson v. Baker*, 504 F.3d 1331, 1336 (11th Cir. 2007) .  The Eleventh Circuit has outlined a particular test for assessing alleged due process violations in the context of punishment in a custodial environment, such as a school.  *See Neal ex rel. Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1074-75 (11th Cir. 2000).  Numerous courts, including the Eleventh Circuit, have been reluctant to extend due process protection to garden variety torts (*Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002)), but even the Supreme Court has recognized potential substantive due process violations based on corporal punishment. *Ingraham v. Wright*, 430 U.S. 651, 674-75 (1977) (holding that Fourteenth Amendment liberty interests are implicated where school authorities acting under color of state law employ corporal punishment).  "[A] student-plaintiff alleging excessive corporal punishment

can in certain circumstances assert a cause of action for a violation of his rights under the Fourteenth Amendment's Due Process Clause." *Neal*, 229 F.3d at 1075 (emphasis omitted).

The case at hand concerns corporal punishment. Plaintiff alleges that Defendant Hu committed the acts at issue "in an effort to *punish* 'off task' behaviors - common to autistic children[.]" Doc. No. 36 ¶ 16 (emphasis added). According to Plaintiff, Defendant Hu employed these "improper *punishment* techniques on at least four occasions." *Id.* at ¶ 17 (emphasis added). Defendant agrees that her actions were an attempt to control Plaintiff's behavior. Doc. No. 40 p. 5. Thus, Plaintiff's treatment will be analyzed under the Eleventh Circuit's standard for assessing due process violations alleged by punishment in school. *See Neal*, 229 F.3d at 1074.

**IV. Plaintiff's Amended Complaint States a Claim for a Violation of Substantive Due Process**

The Eleventh Circuit in *Neal* specified certain factors to be used to determine whether corporal punishment "shocks the conscience" and therefore violates due process. *Id.* at 1075 n. 3. To determine whether Hu's actions violated Plaintiff's due process rights, the Court must assess whether the amount of force used was "objectively . . . obviously excessive" and whether Defendant Hu "subjectively intend[ed] to use that obviously excessive amount of force in circumstances where it was foreseeable that serious bodily injury could result." *Neal*, 229 F.3d at 1075. The Court determines whether the amount of force was objectively "obviously excessive" by looking at the totality of the circumstances and considering "(1) the need for the application of corporal punishment; (2) the relationship between the need and amount of punishment administered, and (3) the extent of the injury inflicted." *Id.* at 1075-76 (citations omitted).

As to whether there was a need for the punishment, it is admitted that Plaintiff was engaged in "off-task" autistic behaviors when Defendant Hu allegedly "restrained" Plaintiff in another

student's wheelchair, "inside a darkened bathroom[,]" blocking the bathroom door with a table, and when Defendant Hu "placed belts and/or straps around Plaintiff's chest and legs in order to restrain him in the wheelchair[.]"  Doc. No. 36 ¶¶ 16-17.  Defendant Hu acted in response to Plaintiff's behavior; her actions were not arbitrary or unprovoked.  *Id.*  However, Defendant Hu would have expected off-task behavior to occur frequently in her ESE classroom.  *Id.* at ¶¶ 9, 13.  While there appears to have been a need for punishment (or at least some kind of action) by Defendant Hu, the need was anticipated, based on the students' disabilities.  *Id.*

In this analysis, the Eleventh Circuit also requires looking to the extent of the injury inflicted.  *Neal*, 229 F.3d at 1075.  The extent of Plaintiff's alleged injury is hard to measure, because Plaintiff's alleged injuries appear largely psychological and because Plaintiff may not be able to effectively communicate the extent of his injuries.  Doc. No. 36 ¶¶ 11, 23, 27-28.  Because the extent of the injury is uncertain, this factor weighs in favor of denying the Motion to Dismiss and permitting discovery to reveal more about Defendant Hu's actions and their effect on Plaintiff.

Finally, the Eleventh Circuit looked at the relationship between the need for punishment and the amount of punishment given.  *Neal*, 229 F.3d at 1075.  While there was a need to deal with Plaintiff's "off-task" autistic behaviors, strapping Plaintiff into a wheelchair may not have been a proper, proportional response.  Defendant Hu's actions towards Plaintiff may lay at one extreme on the spectrum of available responses, especially considering Plaintiff's allegation that such treatment was prohibited by the school's policy for managing autistic children.  Doc. No. 36 ¶¶ 13-14.  The Court must also consider whether Defendant Hu "subjectively intend[ed] to use . . . obviously excessive . . . force in circumstances where it was foreseeable that serious bodily injury could result.  *Neal*, 229 F.3d at 1075.  Strapping Plaintiff to the chair and confining him to the

...
...

point at which he "hit the wheelchair against the bathroom door . . . until the wheelchair toppled over" could have resulted in serious bodily harm, and such harm may have been reasonably foreseeable. Doc. No. 36 ¶ 17.

Based on this analysis of the factors set forth in *Neal*, the Court holds that Plaintiff's allegations are sufficient to state a claim for a violation of due process. The Court thus denies Defendant Hu's Motion to Dismiss under Rule 12(b)(6).

**V. Qualified Immunity Cannot be Applied Without Additional Facts Showing Whether the Law was Clearly Established**

The factual allegations in the Amended Complaint indicate up to four instances of Plaintiff being confined to a darkened bathroom. *Id.* at ¶ 17. During a few of those instances, Plaintiff alleges that he was bound with a belt and or straps. *Id.* Plaintiff has indicated that additional facts surrounding the allegations are likely to be uncovered during discovery. Doc. No. 36 ¶ 23. Because even the number of instances of Plaintiff's confinement appears to be uncertain, the Court cannot determine whether the facts in this case indicate a violation of clearly established law. *See Saucier,* 533 U.S. at 201. While normally a plaintiff is able to make more specific factual allegations based on his own memory of the facts, Plaintiff in this case is autistic and lacks the ability to communicate effectively. Though qualified immunity should be determined at the earliest stage possible in the litigation (*Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987) (citations omitted)), Plaintiff's disability in this case requires ruling on qualified immunity only when more facts are obtained from third party sources. That way, the Court can assess whether the facts show a violation of clearly established law. *Saucier,* 533 U.S. at 201. Because the Court

cannot determine on this Motion to Dismiss whether Defendant Hu is entitled to qualified immunity, the Motion to Dismiss on that basis is denied.

**VI. Summary Judgment is Premature at This Juncture**

As an alternative to the Motion to Dismiss, Defendant Hu moves for summary judgment. Doc. No. 40 p. 2. As stated above, there are factual questions that preclude the Court from deciding at this stage whether Defendant Hu is entitled to qualified immunity. These same factual questions preclude granting summary judgment for Defendant Hu on the basis of qualified immunity. While Defendant Hu has provided the Court with depositions from the criminal case against her, in which the charges were dismissed,[2] Plaintiff has not had the opportunity to conduct sufficient discovery and gather facts to oppose summary judgment. *See* Fed. R. Civ. P. 12(d) ("If . . . matters outside the pleadings are presented, the motion must be treated as one for summary judgment . . . . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also Parrish v. Bd. of Comm'rs of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976) ("the whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits."); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."). As stated above, discovery is particularly important in Plaintiff's case, because Plaintiff's ability to communicate the facts and explain his injuries is

---

[2]Doc. No. 15 (Affidavit of Defendant Hu) ¶ 8; Doc. No. 44-2 (Defendant Hu's Answers to Defendant Volusia County School Board's First Set of Interrogatories) p. 12.

impaired. His disability combined with the paucity of discovery require denying summary judgment at this stage.

## Conclusion

Based on the foregoing, it is ORDERED that Defendant Biying Hu's Motion to Dismiss and in the Alternative for Summary Judgment (Doc. No. 40), filed March 3, 2008, is DENIED.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 23, 2008.

Copies furnished to:
Counsel of Record

ANNE C. CONWAY
United States District Judge